UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>            Plaintiff,<br><br>      vs.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>            Defendants. | 1:14-cv-00502-LJO-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S APPEAL AS IMPROPERLY FILED (Doc. 7.)<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER |

**I.     BACKGROUND**

Young Yil Jo ("Plaintiff"), a federal prisoner proceeding pro se, filed the Complaint commencing this action on April 9, 2014.  (Doc. 1.)

**II.    PLAINTIFF'S APPEAL FILED ON JUNE 23, 2014**

 On May 13, 2014, the Ninth Circuit issued an order barring Young Yil Jo from filing further civil actions or notices of appeal in the Eastern District of California against the same defendants and/or raising the same allegations as in the present action, directing the district court to reject such filings.  In re: Young Yil Jo, No. 13-80149 (9th Cir. May 13, 2014).

On June 23, 2014, Plaintiff submitted an appeal to the Ninth Circuit, which was filed by the Clerk on June 23, 2014. (Doc. 6.) In light of the Ninth Circuit's May 13, 2014 order, Plaintiff's June 23, 2014 appeal should have been rejected by the Clerk and therefore was improperly filed by the Clerk. Therefore, Plaintiff's appeal shall be stricken from the record.[1]

## III. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

On April 11, 2014, the court issued an order requiring Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee for this action, within fifteen days. (Doc. 2.) More than four months have passed, and Plaintiff has not paid the filing fee or submitted the required application.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2014. The court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee for this action, making it likely that Plaintiff is indigent, which would make monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  The court shall dismiss this case with prejudice, which is the harshest possible sanction.  However, the Court finds this sanction appropriate in light of the Ninth Circuit's order of May 13, 2014, discussed above, which bars Young Yil Jo from filing further civil actions, such as the present action, in the Eastern District of California. Moreover, Plaintiff was forewarned in the court's order of April 11, 2014 that if he failed to comply with the order, this action would be dismissed.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's appeal, filed on June 23, 2014, is STRICKEN from the record as improperly filed;
2. This action is dismissed with prejudice, based on Plaintiff's failure to obey the court's order of April 11, 2014; and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 21, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE